IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| PATRICIA ORTEGA<br>    Plaintiff(s)<br><br>v.<br><br>CAPITAL ONE BANK (USA) N.A<br>ALW SOURCING , LLC<br>NCO FINANCIAL SYSTEMS, INC.<br><br>and JOHN and/or JANE DOES 1-30<br>    Defendant(s) | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Cause No.<br><br>**EP10CV0222**<br><br>JUDGE DAVID BRIONES<br><br>COMPLAINT |

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"); the Texas Debt Collections Practices Act ("TDCPA"), the Texas Finance Code Chapter 392.001 et. seq; and the Texas Deceptive Trade Practices Act ("DTPA").

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff PATRICIA ORTEGA (hereinafter "ORTEGA") is a natural person who resides here in the City of El Paso, County of El Paso, State of Texas, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Texas Finance Code 392.001(6).

5. Defendant CAPITAL ONE BANK (USA) N.A (hereinafter "CAPITAL ONE") is a bank with its principal offices located at 4851 Cox Road, Glen Allen, Virginia 23060 and is a "debt collector" as that term is defined by Texas Finance Code 392.001(6).

6. Defendant NCO Financial Systems, Inc. (hereinafter "Defendant NCO") is a collection agency operating from an address of 507 Prudential Road, Horsham, Pennsylvania 19044, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Texas Finance Code 392.001(6). Defendant NCO can be served with process by mailing a copy of same to its registered agent, CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

7. Defendant ALW SOURCING , LLC (hereinafter "ALW") is a collection agency operating from an address of 1804 Washington Boulevard, Baltimore, Maryland 21230, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Texas Finance Code 392.001(6). ALW can be served with process by mailing a copy of same to its registered agent, The Corporation Trust Incorporated, 351West Camden Street, Baltimore, Maryland, 21201.

8. Defendants NCO and ALW regularly use the mails and telephones to collect consumer debts originally owed to others.

9. Defendants John and/or Jane Does No. 1-10 are employees of CAPITAL ONE and are collection agents and are "debt collectors" as that term is defined by Texas Finance Code 392.001(6).

10. Defendants John and/or Jane Does No. 11-20 are employees of NCO and are collection agents and are "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6) and Texas Finance Code 392.001(6).

11. Defendants John and/or Jane Does No. 21-30 are employees of ALW and are collection agents and are "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6) and Texas Finance Code 392.001(6).

12. The true names and capacities, whether individual, corporate, associate or otherwise of the Defendants sued herein as JOHN and/or JANE DOES 1 through 30, inclusive, are unknown to Plaintiff, who therefore sues such Defendants by such fictitious names. Plaintiff will seek permission from the court to amend this complaint to show the true names and capacities of such Defendants when the same have been ascertained. Plaintiff is informed and believes that each of the Defendants designated as a John or Jane Doe was in some manner responsible for the occurrences and injuries alleged herein.

13. At all times mentioned herein, each of the Defendants was the agent and employee of the other named Defendants, and in doing the things alleged were acting within the course and scope of such agency and employment, and in doing the acts herein alleged were acting with the consent, permission and authorization of the remaining named Defendants. All actions of each of the defendants were ratified and approved by the other named Defendants.

## FACTUAL ALLEGATIONS

14. On or about August 10, 2005, Ortega, through her attorney, Carl T. Johnson, filed a Chapter 7 Bankruptcy Petition in the Western District of Texas.

15. At the time the bankruptcy was filed, Ortega had two credit cards with Capital One.

16. Notwithstanding the fact Ortega had filed a bankruptcy petition, Capital One, directly and through its agent Viking Collection Service Southwest Inc., (hereinafter "Viking") contacted Ortega in an attempt to collect on a consumer debt.

17. In response, Ortega's counsel, on September 15, 2005 wrote to both Capital One and its agent Viking, and informed each of the fact that a bankruptcy petition had been filed.

18. Notwithstanding the fact a bankruptcy petition had been filed, and notwithstanding the fact that Capital One was informed of the petition directly, and through its agent Viking, Capital One once again, this time through its agent Encore Receivable Management, contacted Ortega in an attempt to collect on a consumer debt.

19. In response, Ortega's counsel, on October 12, 2005 once again wrote to both Capital One and once again informed it that a bankruptcy petition had been filed and further that he anticipated a discharge would soon occur.

20. On November 14, 2005, Ortega was granted a discharge of the two debts which Capital One continued to dun Ortega for subsequent to the petition being filed. Capital One was in fact listed on the matrix and in addition to Ortega's attorney's correspondence was noticed by the bankruptcy court of the discharge.

21. Some two years later, Capital One, this time through its collection agents Elite Recovery Services, Inc and the Northland Group, Inc. once again, notwithstanding the fact that they had been warned previously by Ortega's attorney and notwithstanding the fact Capital One had received notice from the bankruptcy court of Ortega's discharge, again contacted Ortega in an attempt to collect from her, the discharged consumer debts.

22. On October 17, 2007, Ortega's attorney wrote Capital One's agents and through them, for the third time, informed Capital One that it was attempting to collect a consumer debt which had been two years previously, discharged in bankruptcy.

23. Incredibly, Capital One's response was to employ the law firm of Linebarger, Goggan, Blair & Sampson, LLC to file suit against Ortega for one of the debts, in the Justice of the Peace Court Number 3, located in El Paso, Texas.

24. The JP case was subsequently non-suited after Ortega's attorney informed Capital One, again, this time through its attorneys, that Capital One was attempting to collect a consumer debt that was discharged in bankruptcy.

25. On June 16, 2008, Capital One again attempted to collect on the discharged debt through another of its collection agents, RAB Inc.

26. On February 5, 2010, Capital One, again attempting to collect on a discharged consumer debt once but not now owed by Ortega, caused its collection agent Defendant ALW to dun Ortega.

27. On April 23, 2010 Capital One, again attempting to collect on a discharged consumer debt once but not now owed by Ortega, caused its collection agent Defendant NCO to dun Ortega.

28. Both debts in question were incurred for personal, family, or household purposes, and as such are consumer debts as defined in 15 U.S.C.1692a(5) and Texas Finance Code Section 392.101(2).

29. The conduct of Defendants ALW and NCO in harassing Plaintiff in an effort to collect an alleged consumer debt by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt; by falsely representing the character, amount, or legal status of Plaintiff's alleged debt; by attempting to collect on a debt which is not truly and justly owed, is violative of numerous and multiple provisions of the FDCPA including, but not limited to, 15 U.S.C. § 1692e; 1692e(2)(A) and (10) and 1692f.

30. The conduct of Defendant Capital One, by representing to another that Plaintiff is willfully refusing to pay a non-disputed consumer debt and by using false representations and deceptive means to collect a consumer debt is violative of Texas Finance Code § §392.301 (3) and 392.304 (19).

*Summary*

31. Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions.

CAUSES OF ACTION

VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. § 1692 et seq.

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The foregoing acts and omissions Defendants ALW and NCO constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

34. As a result of Defendant ALW's and NCO's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

## TEXAS FINANCE CODE

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The foregoing acts and omissions of Defendant Capital One constitutes numerous and multiple violations of the Texas Finance Code, including, but not limited to, each and every one of the above-cited provisions of the Texas Finance Code § 392 et seq.

37. Plaintiff is entitled to recover both statutory and actual damages along with reasonable attorney's fees, and costs.

## DECEPTIVE TRADE PRACTICES ACT

38. Plaintiff would show the acts of Defendant Capital One are unconscionable actions or courses of action and therefore violative of section 17.50E of the Texas Deceptive Trade Practices Act.

## TRIAL BY JURY

39. Plaintiff is entitled to, and hereby respectfully demands, a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered as follows:

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants ALW and NCO;

- for an award of actual damages pursuant and Texas Finance Code § 392.403(2) against Defendant Capital One;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants NCO and ALW;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants NCO and ALW;

- for an award of costs of litigation and reasonable attorney's fees pursuant to Texas Finance Code § 392.403(b) against Defendant Capital One.

- For an award of treble damages against Defendant Capital One pursuant to Finance Code § 392.404 which states a violation of the Texas Finance Code is a *per se* violation of section E of the Texas Deceptive Practices Act; and

- for such other and further relief as may be just and proper.

        Respectfully submitted,

        _____
        SCOTT A. VOGELMEIER
        Attorney for Plaintiff
        State Bar No.: 24015139
        1112 Myrtle Avenue
        El Paso, Texas 79901
        (915) 544-3100
        (915) 577-0160 Facsimile

```
DUPLICATE

Court Name: TEXAS WESTERN
Division: 3
Receipt Number: 300005788
Cashier ID: mgallego
Transaction Date: 06/17/2010
Payer Name: SCOTT A. VOGELMEIER, ATTY
----------------------------------
CIVIL FILING FEE
 For: PATRICIA ORTEGA
 Case/Party: D-TXW-3-10-CV-000222-001
 Amount:        $350.00
----------------------------------
CHECK
 Check/Money Order Num: 2194
 Amt Tendered: $350.00
----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

CIVIL COMPLAINT

FBO PATRICIA ORTEGA

DTXW310CV000222-001-DB

PATRICIA ORTEGA vs CAPITAL ONE
BANK...et.al.
```